PER CURIAM.
We granted writs to consider whether relator Niles Clay was properly held in contempt of court for failure to appear timely as a witness in a trial of which he had actual notice but for which he had not been subpoenaed. We find that absent service of a subpoena to appear in court, a witness’ tardiness is not punishable as contempt.
Relator was to serve as a defense witness in the simple battery trial of one Steve Shaffett. Defense counsel advised relator of the trial date and further requested issuance of a subpoena, which the sheriff’s return indicates was never served. On the morning of trial, March 25,1980, defendant failed to appear; an instanter subpoena was issued, and the trial proceeded to the point at which relator was needed. On the assurance that relator’s appearance was forthcoming, the court granted a several hour recess, until 2:00 p. m. When trial resumed, relator was present.
At the conclusion of relator’s testimony the court inquired into his late arrival. Relator admitted knowing that he was supposed to be in court at 10:00 a. m., but explained that he had not received a subpoena and had overslept. Dissatisfied with these responses and with what it considered a disrespectful delivery, the court held relator in contempt and sentenced him to serve ten days in parish prison. As directed, relator remained in the courtroom until the end of trial, whereupon the court suspended the balance of his sentence. This application for writs followed.
La.C.Cr.P. Art. 21 provides in pertinent part:
“A direct contempt includes, but is not limited to, any of the following acts:
* * * * * * *809 “(2) Contumacious failure to comply with a subpoena or summons to appear in court, proof of service of which appears of record . . . ”
(emphasis supplied).
In the instant case the record clearly reflects that relator was not served with a subpoena. Actual notice is no substitute; and in disregarding such notice, relator, however he may have inconvenienced the court, did not demonstrate that disrespect for the court’s authority that characterizes contempt. Moreover, during the colloquy between relator and the trial judge, relator made direct responses to all questions put to him and consistently addressed the judge as “sir.” Although the record does not convey relator’s tone in answering, the content of his remarks indicates due regard for the court’s authority.
Accordingly, defendant’s contempt citation and sentence are set aside.